16-1459 (L)
*Motta v. Global Contact Services, Inc.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of February, two thousand seventeen.

PRESENT:
> GUIDO CALABRESI,
> SUSAN L. CARNEY,
> > *Circuit Judges*,
> JOHN G. KOELTL,
> > *District Judge.*[*]

_____

ESTHER MOTTA, SANDRA LENNON, LESLIE FOSTER, MERLINE RADWAY, TANYA JAMES, LEIDA RODRIGUEZ, MERCIDA ROMERO, KECIA MCFADDEN, NATALIE LORD, BRITTANY DELVATCH, TAMMA FRASER, JOY JOSEPH, BRITTANY BOWDEN, JOY WILLIAMS, SANTINA LOZANA, DENISE BARCLIFF, TRAMAYNE MURPHY, on their own behalf,

> *Plaintiffs-Appellants*,

> v.                                                                Nos. 16-1459, 16-1495

---

[*]      Judge John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

GLOBAL CONTACT SERVICES, INC., METROPOLITAN
TRANSPORTATION AUTHORITY, NEW YORK CITY
TRANSIT AUTHORITY, SEAN WORME,

　　　　*Defendants-Appellees.*

_____

FOR APPELLANTS:　　　　　　ARTHUR Z. SCHWARTZ, Advocates for
　　　　　　　　　　　　　　　Justice, Chartered Attorneys, New York,
　　　　　　　　　　　　　　　NY.

FOR APPELLEES GLOBAL
CONTACT SERVICES, INC.,
SEAN WORME:　　　　　　　　AARON WARSHAW, Ogletree, Deakins,
　　　　　　　　　　　　　　　Nash, Smoak & Stewart, P.C., New York,
　　　　　　　　　　　　　　　NY.

FOR APPELLEES METROPOLITAN
TRANSPORTATION AUTHORITY,
NEW YORK CITY TRANSIT
AUTHORITY:　　　　　　　　　JAMES LUKE KERWIN, New York City
　　　　　　　　　　　　　　　Transit Authority, Brooklyn, NY.

Appeal from judgments of the United States District Court for the Southern District of New York (Schofield, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments entered by the District Court on April 22, 2016, and on May 5, 2016, are **AFFIRMED**.

Plaintiffs are black and Hispanic women currently or previously employed by Global Contact Services ("GCS") as telephone agents in the Access-A-Ride Call Center. Access-A-Ride is a paratransit bus and taxi program run by the New York City Transit Authority ("NYCTA"), a subsidiary of the Metropolitan Transit Authority ("MTA"), which provides transportation to disabled persons. Purporting to act on behalf of a class, plaintiffs brought an action against defendant GCS for claims under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296(1)(a), the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107(1)(a), and for breach of contract, and against NYCTA and MTA for claims under the NYSHRL, N.Y. Exec. Law § 296(6), and the

NYCHRL, N.Y.C. Admin. Code § 8-107(6). Plaintiffs appeal the District Court's grant of defendants' motions to dismiss these claims. We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

We review a district court's dismissal under Rule 12(b)(6) *de novo*, accepting as true all factual allegations in the complaint and drawing all reasonable inferences in the plaintiffs' favor. *Segarra v. Fed. Reserve Bank of N.Y.*, 802 F.3d 409, 411 (2d Cir. 2015). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

On appeal, plaintiffs argue that the complaint adequately alleged disparate treatment and disparate impact claims under the NYSHRL and NYCHRL against GCS. Plaintiffs allege that over 95% of GCS's telephone agents are black or Hispanic women, "most of whom have been employed through a Welfare to Work program," Joint Appendix at 23, that GCS pays its telephone agents "less than white and male employees performing the same or similar jobs in the industry" and "below the prevailing rate within the industry," *id.* at 18, and that "GCS is able to, and does, pay [p]laintiffs less because they are [b]lack and Hispanic women," *id.* at 24. Other than plaintiffs' conclusory allegations that because of their race and gender they were paid less than white and male employees "in the industry," *id.* at 18, plaintiffs have not alleged any facts suggesting that plaintiffs' race or gender played any role in GCS's determination of their pay. Nor have plaintiffs pointed to any facially-neutral policy of GCS that falls more harshly on one group of employees than another. Plaintiffs therefore fail to allege plausibly disparate treatment or disparate impact under the NYSHRL or under the more liberal standard applicable to claims under the NYCHRL. Because plaintiffs have failed to allege plausibly a disparate treatment or disparate impact claim against GCS, plaintiffs' aiding and abetting claims against NYCTA and MTA must fail as well.

* * *

3

We have considered plaintiffs' remaining arguments on appeal and find them to be without merit. The judgments of the District Court are **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court